NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE BOYKINS,<br><br>    Plaintiff,<br><br>v.<br><br>NEW JERSEY TRANSIT, et al.,<br><br>    Defendants. | Civil Action No.: 23-2514<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is the partial motion to dismiss (ECF No. 22) ("Mot.") plaintiff Michelle Boykins' ("Plaintiff") amended complaint (ECF No. 19) ("AC") and the partial motion for summary judgment filed by defendants New Jersey Transit ("NJT") and Vincent Bella ("Bella") (collectively, "Defendants"). Plaintiff opposed both motions (ECF No. 36) ("Opp.") and Defendants replied in support (ECF No. 37) ("Reply"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motions are **GRANTED**.

**I.    BACKGROUND**

   **A.  Factual History[1]**

ABlank matter arises out of the discriminatory treatment allegedly experienced by Plaintiff—an African American woman—while employed by defendant NJT and supervised by defendant Bella. *See* AC at 2.[2] In 2018, Plaintiff was promoted by NJT and transferred to the Office of System Safety Department, where Bella became her supervisor. *Id.* ¶ 2. Shortly thereafter, Plaintiff alleges

---

[1] For the purposes of the motion to dismiss, the Court accepts the factual allegations in the FAC as true and draws all inferences in the light most favorable to the Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[2] Plaintiff uses duplicative paragraph numbers in her amended complaint. Accordingly, the Court will refer to the complaint's "Statement of Claim" section by page number, and the remainder of the complaint by paragraph number.

1

that Bella began excluding her from work activities and assigning her duties that were not outlined in her job description. *Id.* ¶¶ 5-8. After Plaintiff lodged complaints regarding this behavior, Plaintiff alleges that Bella retaliated by—among other things—issuing a written warning against her and placing defamatory statements in her performance review. *See id.* ¶¶ 13-45. Plaintiff also alleges that Bella was later given a promotion over her despite having "no greater qualifications," and that, in retaliation for her complaints, Plaintiff has not been promoted since 2018. *See id.* ¶¶ 45-60. Finally, Plaintiff alleges that a determination by NJT's Office of Equal Employment that her complaints were "unsubstantiated" was erroneous because a "fair and thorough investigation did not occur." *See id.* ¶¶ 61-64.

**B. Procedural Background**

Plaintiff filed an initial complaint in the Superior Court of New Jersey, Essex County, on March 17, 2023. ECF 1-4. Defendants removed the action to this Court on May 8, 2023, based on federal question jurisdiction. ECF No. 1. In response to a motion to dismiss made by Defendants on May 30, 2023, ECF No. 3, Plaintiff filed an amended complaint on October 12, 2023, ECF No. 19. The amended complaint asserts claims against both NJT and Bella for: violations of 42 U.S.C. §§ 1981, 1983 and 1985; violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq.; violations of Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; and civil conspiracy/aider and abettor liability. *Id.* ¶¶ 71-98.

On November 9, 2023, Defendants moved for partial dismissal for failure to state a claim and for partial summary judgment. ECF No. 22. Defendants seek dismissal of Plaintiff's claims under 42 U.S.C. §§ 1981, 1983, and 1985 as to NJT and Bella in his official capacity; 42 U.S.C. § 1985 as to Bella in his individual capacity; Title VII as to Bella; and civil conspiracy as to both

parties. *Id* at 1-2. Defendants seek summary judgment on Plaintiff's claims under both NJLAD and aider and abettor liability as to both parties. *Id.*

## II. STANDARD OF REVIEW

### A. Failure to State a Claim (Rule 12(b)(6))

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips*, 515 F.3d at 234. Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted).

### B. Summary Judgment (Rule 56)

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party has the initial burden of proving the absence of any genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, a genuine issue of material fact exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). In order to meet its burden, the non-moving party must "go beyond the

3

pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citation omitted); *see also Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact," the opponent must "exceed[ ] the 'mere scintilla' threshold . . . ."). An issue is "genuine" if it is supported by evidence, such that a reasonable jury could return a verdict in the non-moving party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *See id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

## III.  DISCUSSION

### A. Section 1981, 1983, and 1985 Claims Against NJT and Bella in his Official Capacity

Plaintiff's claims under Sections 1981, 1983, and 1985 against NJT and Bella in his official capacity are barred by Eleventh Amendment sovereign immunity. The Eleventh Amendment provides that, unless sovereign immunity is waived, states and their agencies may not be sued in federal courts. *Tuite v. New Jersey*, No. 10-6772, 2014 WL 5035707, at *3 (D.N.J. Oct. 8, 2014) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). As an agency of the state, this immunity extends to both NJT and its officers in their official capacities. *Karns v. Shanahan*, 879 F.3d 504, 518-19 (3d Cir. 2018) ("[W]e therefore conclude that NJ Transit is entitled to claim the protections of the Eleventh Amendment immunity, which in turn functions as

4

an absolute bar to any claims in this case against NJ Transit and the officers in their official capacities."). Moreover, the state's immunity has not been waived with respect to Section 1981, 1983, or 1985. *See Collins v. Sload*, 212 Fed. Appx. 136, 140 n.5 (3d Cir. 2007) (noting that "the Eleventh Amendment barred the suit under §§ 1981, 1983, [and] 1985"); *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 683-84 (D.N.J. 2003) (noting that "States and state officials are immune from suit under § 1983" and that "Congress has similarly not abrogated State immunity under 42 U.S.C. § 1981 or 1985"). Accordingly, Plaintiff's claims under Section 1981, 1983, and 1985 against NJT and Bella in his official capacity are dismissed.[3]

### B. Section 1985 Claim Against Bella in his Individual Capacity

Plaintiff fails to state a claim under Section 1985 against Bella in his individual capacity because she does not allege specific acts supporting the existence of a conspiracy. To state a claim under Section 1985, a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Reichert v. Elizabethtown Coll.*, No. 10-2248, 2012 WL 1205158, at *16 (E.D. Pa. Apr. 10, 2012). Furthermore, a plaintiff must provide more than "bare accusations" of conspiracy and must instead "plead facts showing actual agreement amongst the alleged conspirators." *Bussinelli v. Twp. of Mahwah*, No. 23-21519, 2024 WL 3755914, at *6 (D.N.J. Aug. 12, 2024); *see also Slater v.*

---

[3] Plaintiff counters that Bella in his official capacity is not "entitled to qualified immunity . . . because his actions were unlawful" Opp. at 10. However, "[q]ualified immunity and sovereign immunity are two separate types of immunity and are not interchangeable." *Revak v. Lieberum*, No. 8-691, 2009 WL 1099187, at *3 n.2 (W.D. Pa. Apr. 23, 2009).

5

*Susquehanna Cnty.*, 613 F. Supp. 2d 653, 661 (M.D. Pa. 2009) ("Only allegations which are particularized, such as those addressing the period of conspiracy, the object of conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient [for Section 1985]."). Plaintiff asserts in a conclusory manner that Bella conspired with several unknown defendants but does not provide specific facts regarding the existence of any agreement amongst these alleged conspirators. *See* AC ¶¶ 75-76. Insofar as Plaintiff does provide specific allegations of discriminatory or retaliatory actions taken against her, she does not connect these allegations to any mutual agreement or wider conspiracy. *See, e.g.*, AC ¶¶ 22-32. Because Plaintiff does not provide specific factual allegations supporting the existence of a conspiracy, her Section 1985 claim against Bella in his individual capacity is dismissed. *See Slater*, 613 F. Supp. 2d at 662 (dismissing Section 1985 claim where plaintiff failed to plead "specific facts indicating a mutual understanding [amongst the defendants and others] to achieve a deprivation of her . . . rights").[4]

### C. Title VII Claim Against Bella

Plaintiff cannot maintain a Title VII claim against Bella in his individual capacity because Title VII does not provide for individual liability. *See, e.g.*, *McIlmail v. Pennsylvania*, No. 17-2991, 2018 WL 1071927, at *4 (E.D. Pa. Feb. 27, 2018) ("It is well settled that Title VII does not provide for individual liability."); *Doe v. Sizewise Rentals, LLC*, No. 9-3409, 2010 WL 3614200, at *3 (D.N.J. Sept. 8, 2010) ("Title VII does not provide a basis for individual liability."). Plaintiff also cannot maintain a Title VII claim against Bella in his official capacity because his employer, NJT, is a co-defendant. *See Mohamed v. Atl. Cnty. Special Servs. Sch. Dist.*, No. 17-3911, 2019 WL 1418123, at *5 (D.N.J. Mar. 29, 2019) ("Many courts in this District . . . have held that Title

---

[4] Insofar as Plaintiff seeks to provide the requisite specificity for a Section 1985 claim in her opposition to the motion to dismiss, *see* Opp. at 11-14, "[i]t is well-settled that a plaintiff may not amend the complaint through arguments in a brief." *D'Amelio v. Indep. Healthcom Strategies Grp., Inc.*, No. 16-3055, 2016 WL 6909102, at *2 (D.N.J. Nov. 22, 2016).

6

VII does not permit claims against individual supervisors when the employer is a co-defendant.") (collecting cases); *Williams v. Twp. of Lakewood*, No. 17-11401, 2020 WL 7391009, at *7 (D.N.J. Dec. 15, 2020) ("Individual employees may not be held liable under Title VII . . . in their official capacity when their employer is a co-defendant."). Plaintiff's Title VII claim against Bella is accordingly dismissed.

### D. Civil Conspiracy

Plaintiff cannot maintain a civil conspiracy tort claim against either NJT or Bella as Plaintiff does not appear to have filed the requisite notice of claim. "Under the New Jersey Tort Claims Act, a person seeking to assert tort claims against a public entity or public employee must first file a notice of claim with the proper entity within 90 days of the claim's accrual." *Lepping v. Cnty. of Mercer*, No. 18-2118, 2018 WL 5263281, at *10 (D.N.J. Oct. 23, 2018) (citing N.J.S.A. § 59: 8-8). Plaintiff does not appear to have filed the requisite notice before pursuing the present action and her civil conspiracy claim is accordingly dismissed.

### E. NJLAD and Aider and Abettor Liability

Plaintiff's NJLAD claims are barred because she has chosen the exclusive remedy of litigating those claims before the New Jersey Division on Civil Rights ("DCR").[5] "The NJLAD contains an 'election of remedies' provision which bars an individual from bringing a judicial action while a DCR investigation on the same claim is pending or after the DCR has rendered a final determination." *Anderson v. Mercer Cnty. Sheriff's Dep't*, No. 11-7620, 2013 WL 776237, at *6 (D.N.J. Feb. 28, 2013) (citing N.J.S.A. § 10:5-27). Plaintiff previously submitted her claims of discrimination and retaliation to the DCR, which rendered a final decision on December 1, 2022,

---

[5] Plaintiff further cannot maintain an NJLAD discrimination claim against Bella because "the NJLAD does not provide for direct supervisory liability; rather, a supervisor may only be held liable for aiding and abetting an employer's unlawful employment action." *Danna v. Truevance*, No. 5-5395, 2007 WL 2156361, at *2 (D.N.J. July 25, 2007). As discussed below, Plaintiff's aiding and abetting claim against Bella will also be dismissed.

finding a "lack of sufficient evidence to support a reasonable suspicion" to credit Plaintiff's claims. *See* ECF No. 36-1, Ex. B; ECF No. 22-2 ¶ 7; Opp. at 6 ¶ 7. Plaintiff cannot now relitigate those claims in this Court, and summary judgment is accordingly granted for Defendants.[6] *See Metzler v. Am. Transp. Grp., L.L.C.*, No. 7-2066, 2008 WL 413311, at *3 (D.N.J. Feb. 13, 2008) ("This Court dismissed [plaintiff's] NJLAD claim, deferring to the litany of federal court decisions . . . barring a plaintiff's subsequent state and federal claims . . . after a DCR final determination." (internal quotations omitted)).

Summary judgment is also granted for Defendants as to Plaintiff's aiding and abetting claims insofar as those claims are premised on the NJLAD, *see* Opp. at 19, because such claims require an underlying NJLAD violation, *see, e.g.*, *Ali v. Woodbridge Twp. Sch. Dist.*, No. 17-2210, 2019 1930754, at *10 (D.N.J. Apr. 30, 2019) ("A violation of the NJLAD on the basis of aiding and abetting must be predicated on an underlying NJLAD violation").

## IV.    CONCLUSION

For the reasons stated above, Defendants' motions to dismiss and for partial summary judgment are granted.

**Accordingly, IT IS** on this 11th day of March, 2025,

**ORDERED** that Defendants' motions to dismiss and for partial summary judgment (ECF No. 22) as to Plaintiff's amended complaint (ECF No. 19) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's 42 U.S.C. §§ 1981, 1983, and 1985 claims as to NJT and Bella in his official capacity; 42 U.S.C. § 1985 claim as to Bella in his individual capacity; Title VII

---

[6] To the extent that Plaintiff asserts that the DCR decision "contains factual inaccuracies and conclusions of law," Plaintiff could have raised those issues in an appeal of the DCR decision with the Appellate Division of the Superior Court of New Jersey. *See* ECF No. 36-1, Ex. B at 4.

8

claim as to Bella; and civil conspiracy claim as to both Defendants are **DISMISSED** without prejudice; and it is further

**ORDERED** that summary judgment is **GRANTED** for Defendants as to Plaintiff's NJLAD and aiding and abetting liability claims; and it is further

**ORDERED** that to the extent Plaintiff is able to cure the pleading deficiencies identified in the Court's Order, she shall have thirty (30) days from the date of this Order to file a second amended complaint. Insofar as Plaintiff submits a second amended complaint, she shall also provide a form of the amended complaint that indicates in what respect it differs from the original amended complaint, bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2).

**SO ORDERED.**

*/s/ Claire C. Cecchi*
_____
**CLAIRE C. CECCHI, U.S.D.J.**